# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| HENRY GARDUNIO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-cv-1162 |
| | ) | |
| TOWN OF CICERO, LARRY | ) | Judge Robert M. Dow, Jr. |
| DOMINICK, THOMAS BOYLE, | ) | |
| ROLANDO HERNANDEZ, HERMAN | ) | |
| DAVILLA, and JAMES KLOSAK | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Henry Gardunio ("Gardunio"), filed a six-count complaint [1] on February 23, 2009 alleging various violations of state and federal law by Defendants the Town of Cicero, Cicero president Larry Dominick, and four Cicero police officers – Thomas Boyle, Rolando Hernandez, Herman Davilla and James Klosak (collectively the "Defendant Officers"). Plaintiff's claims arise out of his June 7, 2007 arrest for false personation of a peace officer, and his subsequent prosecution for that offense. Before the Court is Defendants motion to dismiss and for other related relief [23]. Defendants move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, for a more definite statement as to Counts I through IV, pursuant to Fed. R. Civ. P. 12(e). For the reasons stated below, Defendants' motion is granted in part and denied in part.

## I. Background[1]

Plaintiff is a long-time political supporter of Ramiro Gonzalez ("Gonzalez"), Defendant Larry Dominick's predecessor as president of the Town of Cicero. While Gonzalez was town president, Gardunio was a volunteer sworn Special Officer for Cicero, and personally served Gonzalez in that capacity until approximately April 30, 2004. Defendant Larry Dominick ("Dominick") defeated Gonzalez in the February 2005 Cicero presidential election, and is the current president of Cicero. Plaintiff has continued to support Gonzalez politically, including in Gonzalez's race against Dominick in the 2009 election.

On June 7, 2007, Plaintiff was arrested for false personation of a peace officer by the Defendant Officers. Following his arrest, Gardunio was charged and prosecuted for the offense of false personation of a peace officer. Plaintiff alleges that the charges against him were terminated in his favor under circumstances establishing his actual innocence on March 4, 2008. According to Plaintiff, he was arrested at Dominick's direction as a result of his political affiliation with Gonzalez.

Plaintiff filed the instant suit against Dominick, the Defendant Officers, and the Town of Cicero alleging false arrest and conspiracy to falsely arrest under 42 U.S.C. § 1983 ("Section 1983") (Count I); malicious prosecution and conspiracy to maliciously prosecute under Illinois law (Count II); a Section 1983 class of one equal protection claim (Count III); a First Amendment retaliation claim (Count IV); and *Monell* (Count V) and indemnity (Count VI) claims against the Town of Cicero.

---

[1] For purposes of Defendant's motion to dismiss, the Court assumes as true all well-pleaded allegations set forth in the amended complaint. See, *e.g.*, *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

2

## II. Legal Standard on a Rule 12(b)(6) Motion

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true, * * * 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

**III. Analysis**

    **A. Section 1983 False Arrest and Conspiracy Claims (Count I)**

Count I alleges false arrest and conspiracy to falsely arrest claims under Section 1983 against Dominick and the Defendant Officers. The Court will address each of these claims in turn. However, as a preliminary matter, the Court notes that, contrary to Defendants' assertion, Plaintiff is not required by the Federal Rules of Civil Procedure to plead each claim in a separate count. Rule 10(b) provides that "each claim founded on a separate transaction or occurrence * * * must be stated in a separate count or defense * * * [i]f doing so would promote clarity." Fed. R. Civ. P. 10(b). Thus, separate counts are required only when necessary to clarify the claims. *Patrick Patterson Custom Homes, Inc. v. Bach*, 586 F.Supp.2d 1026, 1038 (N.D. Ill. 2008). Here, the complaint is sufficiently clear to apprise Defendants of the claims against them, as evidenced by the fact that Defendants in fact responded to each of the claims in their motion to dismiss. See *Plohocki v. Chicago School Reform Bd. of Trustees*, 2000 WL 150748, *6 (N.D. Ill. Feb. 4, 2000) ("courts in this district do not dismiss a claim for failure to comply with Rule 10(b) unless the complaint is not understandable and does not provide the defendant with fair notice of the claims against him") (citing cases).

    **1. False Arrest Claim Against Defendant Officers**

Section 1983 "creates a federal cause of action for 'the deprivation, under color of [state] law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States.'" *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994)). "Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights conferred elsewhere." *Id*. To state a claim under Section 1983, a plaintiff must show (1) that he was deprived of a right secured by the

4

Constitution or federal law, (2) by a person acting under color of law. See *Thurman v. Village of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006).

In Count I, Plaintiff asserts a claim against the Defendant Officers for false arrest in violation of the Fourth Amendment. The Fourth Amendment of the United States Constitution protects the right of individuals "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. Amend. IV. "An arrest is a seizure" under the Fourth Amendment, *Lopez v. City of Chicago,* 464 F.3d 711, 718 (7th Cir. 2006), and an arrest without probable cause is an unreasonable seizure prohibited by the Fourth Amendment, *Bentz v. City of Kendallville*, 577 F.3d 776, 779 (7th Cir. 2009).

To state a claim for false arrest under Section 1983, a plaintiff must plead that the defendant lacked probable cause for the arrest. *Gonzalez v. City of Elgin*, 578 F.3d 526, 537 (7th Cir. 2009) (lack of probable cause probable cause essential to unlawful arrest claim). Put differently, the existence of probable cause is an absolute defense to a Section 1983 false arrest claim. *Id.* Here, the parties dispute whether or not the Defendant Officers had probable cause to arrest Plaintiff.

"The police have probable cause to arrest an individual when 'the facts and circumstances within their knowledge and of which they [have] reasonably trustworthy information [are] sufficient to warrant a prudent [person] in believing that the [suspect] had committed or was committing an offense.'" *Sheik-Abdi v. McClellan,* 37 F.3d 1240, 1246 (7th Cir. 1994) (quoting *Maxwell v. City of Indianapolis,* 998 F.2d 431, 433 (7th Cir. 1993)). Both the Supreme Court and the Seventh Circuit consistently have advised that the rule of probable cause is a "'practical, nontechnical conception' that affords the best compromise between the interests of individual liberty and effective law enforcement." *U.S. v. Mounts,* 248 F.3d 712, 715

5

(7th Cir. 2001) (quoting *Illinois v. Gates,* 462 U.S. 213, 231 (1983)); see also *Brinegar v. U.S.,* 338 U.S. 160, 175 (1949) (noting that the probable cause determination involves "probabilities," which "are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act"). Therefore, probable cause "does not require evidence sufficient to support a conviction, nor even evidence demonstrating that it is more likely than not that the suspect committed a crime." *U.S. v. Sawyer,* 224 F.3d 675, 679 (7th Cir. 2000). As long as "the totality of the circumstances" demonstrates "a probability or substantial chance of criminal activity on the suspect's part, probable cause exists." *Id.*; see also *Woods v. City of Chicago,* 234 F.3d 979, 996 (7th Cir. 2000) (explaining that probable cause "requires more than bare suspicion" but "less than 'probability,'" and does not require "a showing that the officer's belief is more likely true than false") (citations omitted).

In determining whether probable cause existed at the time of an arrest, "the court steps into the shoes of a reasonable person in the position of the officer" and considers the facts, not "'as an omniscient observer would perceive them,' but rather 'as they would have appeared to a reasonable person in the position of the arresting officer.'" *Wheeler v. Lawson,* 539 F.3d 629, 634 (7th Cir. 2008) (internal citations omitted). The proper inquiry is objective; thus, "an arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause." *Devenpeck v. Alford,* 543 U.S. 146, 153 (2004).

In support of their position that the Defendant Officers had probable cause to arrest Plaintiff, Defendants attach to their motion to dismiss various court and police records related to the incident.[2] On a Rule 12(b)(6) motion to dismiss, the Court generally must confine its inquiry

---

[2] In particular, Defendants submit an investigative report authored by Defendant Klosak (Ex. A), an Internal Affairs file initiation report authored by Defendant Boyle (Ex. B), a police report regarding Plaintiff's arrest authored by the Defendant Officers (Ex. C), an acknowledgement that Plaintiff received his Miranda rights and a statement signed by Plaintiff (Ex. D), an approval of the charges against Plaintiff

to the factual allegations set forth within the four corners of the operative complaint. See *Rosenblum v. Travelbyus.com,* 299 F.3d 657, 661 (7th Cir. 2002). In the usual case, therefore, if a party moving for a 12(b)(6) dismissal submits documents with its motion to dismiss, the Court either must ignore the documents or convert the motion to one for summary judgment. See Fed. R. Civ. Pro. 12(b); *Venture Assoc. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir. 1993). Only documents that "are referred to in the plaintiff's complaint[,] are central to her claim," *Venture,* 987 F.2d at 431, and are "concededly authentic," fall within this "narrow" exception, *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). Where a defendant submits "a document in support of his Rule 12(b)(6) motion that require[s] discovery to authenticate or disambiguate[,] * * * the judge would be required to convert the defendant's motion to a Rule 56 motion if he were minded to consider the document in deciding whether to grant the motion." *Id.* at 739.

The complaint alleges that Defendants manufactured evidence against Plaintiff. In light of this allegation, the police records on which Defendants rely cannot be considered "concededly authentic." Because discovery is needed to authenticate or disambiguate a number of the documents, the Court declines to consider the documents at this time. And because Plaintiff has adequately alleged that the Defendant Officers, while acting under color of law, arrested him without probable cause, Defendants' motion to dismiss is denied with respect to Plaintiff's false arrest claim against the Defendant Officers.

### 2. Conspiracy to Falsely Arrest Against Dominick and Defendant Officers

Count I also asserts a Section 1983 conspiracy claim against Dominick and the Defendant Officers. Generally, to state a Section 1983 conspiracy claim, a plaintiff must allege that: "(1) a

---

signed by an Assistant States Attorney (Ex. E), and a court document indicating that Plaintiff was charged with false personation of a peace officer (Ex. F).

state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights; and (2) those individual(s) were willful participant[s] in joint activity with the State or its agents." *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007) (quoting *Williams v. Seniff,* 342 F.3d 774, 785 (7th Cir. 2003)). Although Plaintiff is not required to plead a conspiracy to deprive him of his constitutional or federal rights with particularity under Rule 9(b), see *Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006); *Hoskins v. Poelstra,* 320 F.3d 761 (7th Cir. 2003), the Seventh Circuit recently noted that "[e]ven before the Supreme Court's new pleadings rule * * * conspiracy allegations were often held to a higher standard than other allegations." *Cooney v. Rossiter*, 2009 WL3103998, at *3 (7th Cir. Sept. 30, 2009). Neither "a bare allegation of conspiracy," nor "mere suspicion that persons adverse to the plaintiff had joined a conspiracy against him or her[,] * * * [is] * * * enough to survive a motion to dismiss for failure to state a claim." *Id*. at *2-3 (affirming dismissal of *pro se* Section 1983 conspiracy claim where complaint was "bereft of any suggestion, beyond a mere conclusion, that the remaining defendants were leagued in a conspiracy with the dismissed defendants" and lacked any "factual allegations [to] tie the defendants to a conspiracy with a state actor"). Instead, "courts require the plaintiff to allege the parties, the general purpose, and the approximate date of the conspiracy." *Loubser*, 440 F.3d at 443. A plaintiff also must indicate the nature of the alleged conspiratorial agreement to "enable [the defendant] to prepare his defense or for the district court to determine whether the claim was within the ballpark of possibly valid conspiracy claims." *Walker v. Thompson,* 288 F.3d 1005, 1007-08 (7th Cir. 2002).

Here, the complaint alleges that Dominick and the Defendant Officers "agreed, through explicit or implicit means, to effect the unlawful detention and arrest of the Plaintiff," Cmplt. ¶ 15, and that, "in furtherance of said agreement," the Defendant Officers "unlawfully detained

and arrested the Plaintiff and manufactured and fabricated evidence against him, and withheld the existence and disclosure of exculpatory evidence," *id.* ¶ 16. The complaint further alleges that the "false and unjustified arrest of the Plaintiff * * * was * * * at the direction of the Defendant, Larry Dominick." *Id.* ¶ 10. These allegations are sufficient to state a Section 1983 conspiracy claim. Therefore, Defendants' motion to dismiss is denied with respect to Count I.

B.  **State Law Malicious Prosecution and Conspiracy Claims (Count II)**

1.  **Malicious Prosecution Claim Against Dominick and Defendant Officers**

Under Illinois law, the elements of a malicious prosecution claim are (1) commencement of criminal proceedings by the defendants; (2) termination of that matter in favor of the plaintiff; (3) the absence of probable cause for the proceedings; (4) the presence of malice; and (5) resulting damages. *Gonzalez v. City of Elgin*, 578 F.3d 526, 541 (7th Cir. 2009) (citing *Swick v. Liautaud*, 169 Ill. 2d 504, 662 N.E.2d 1238 (Ill. 1996)). With respect to the second element, a plaintiff must show that the underlying criminal proceedings were terminated in a manner that is indicative of his innocence. *Id.* The absence of any one of these elements bars a plaintiff from pursuing the claim. *Swick*, 662 N.E.2d at 1242.

Defendants seek dismissal of Plaintiffs' malicious prosecution claim on the grounds that: (1) probable cause for the proceedings existed, (2) the matter was not terminated in a manner that is indicative of Plaintiff's innocence, and (3) Plaintiff's allegations regarding falsification of police reports and evidence are too general to support a claim. The Court will address each of Defendants' arguments in turn.

First, as discussed above, in this case, the existence of probable cause cannot be determined as a matter of law that this stage in the proceedings, and Plaintiff has alleged that

9

there was not probable cause for his arrest or prosecution. Therefore, Count II will not be dismissed on this ground.

In regard to the second element of a malicious prosecution claim, the complaint does not indicate the manner in which the proceedings were terminated, beyond alleging that they were terminated in a manner indicative of Plaintiff's innocence. Defendants note in their motion to dismiss – and Plaintiff concedes in his response brief – that Plaintiff's prosecution was terminated via a *nolle prosequi*, following a motion to suppress hearing. A *nolle prosequi* is a formal entry of record whereby the prosecuting attorney declares that he is unwilling to prosecute a case. *Ferguson v. City of Chicago*, 213 Ill.2d 94, 101, 820 N.E.2d 455, 460 (Ill. 2004). The Illinois Supreme Court has held that "a *nolle prosequi* dismissal terminates a proceeding in favor of the accused 'unless the abandonment is for reasons not indicative of the innocence of the accused.'" *Logan v. Caterpillar, Inc.*, 246 F.3d 912, 925 (7th Cir. 2001) (quoting *Swick*, 662 N.E.2d at 1242). "The abandonment of the proceedings is not indicative of the innocence of the accused when the *nolle prosequi* is the result of an agreement or compromise with the accused, misconduct on the part of the accused for the purpose of preventing trial, mercy requested or accepted by the accused, the institution of new criminal proceedings, or the impossibility or impracticability of bringing the accused to trial." *Swick*, 662 N.E.2d at 1243. "When the nature of the dismissal is *nolle prosequi*, the court must look to underlying facts to determine whether the dismissal truly indicates innocence." *Treece v. Village of Naperville*, 903 F.Supp. 1251, 1258 (N.D. Ill. 1995).

The mere fact that the prosecutor elected not to prosecute Plaintiff following a motion to suppress hearing does not necessarily suggest that the abandonment of the proceedings is not indicative of Plaintiff's innocence, as Defendants contend. Because it is not clear why the

prosecutor elected not to prosecute Plaintiff for false personation of a peace officer, it would be premature to dismiss Plaintiff's malicious prosecution claim at this time.

Finally, Defendants argue that Plaintiff's allegations that Dominick and the Defendant Officers falsified police reports, fabricated evidence, withheld, concealed and/or destroyed exculpatory evidence, and/or lied under oath are insufficient to state a claim for malicious prosecution because Plaintiff fails to specifically identify any falsified police reports, fabricated evidence, withheld exculpatory evidence, or false statements made under oath. The federal notice pleading standard, not Illinois's fact pleading requirement, applies to Plaintiff's malicious prosecution claim. See *Hefferman v. Bass*, 467 F.3d 596, 599 (7th Cir. 2006) ("The Federal Rules of Civil Procedure apply to all cases filed in federal court, no matter what the basis of subject matter jurisdiction."). Under Rule 8 and the federal regime, "[n]otice is what counts. Not facts; not elements of 'causes of action'; not legal theories." *Id.* at 600. Count II certainly gives notice of the malicious prosecution claim. Therefore, Defendants' motion to dismiss is denied at to Plaintiff's malicious prosecution claim.

## 2. Civil Conspiracy Claim Against Dominick and Defendant Officers

Count II also asserts a state law civil conspiracy claim against Dominick and the Defendant Officers. In Illinois, "[t]he elements of civil conspiracy are: (1) a combination of two or more persons, (2) for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means, (3) in the furtherance of which one of the conspirators committed an overt tortious or unlawful act." *Fritz v. Johnston,* 209 Ill.2d 302, 317, 282 Ill.Dec. 837, 807 N.E.2d 461 (Ill. 2004). Here, the complaint alleges that Dominick and the Defendant Officers "agreed, through explicit or implicit means, to falsely and maliciously charge the Plaintiff" with violations of state and municipal law," Cmplt. ¶ 22, and that, "in furtherance of said agreement," Dominick and the Defendant Officers "falsified police

reports, filed false criminal charges initiating judicial proceedings, withheld, concealed and/or destroyed exculpatory evidence, fabricated incriminating evidence and/or lied under oath," *id.* ¶ 23. These allegations are sufficient to state a civil conspiracy claim. Therefore, Defendants' motion to dismiss is denied with respect to Count II.

### C. Class of One Equal Protection Claim (Count III)

Plaintiff next alleges that Dominick and the Defendant Officers violated his equal protection rights under the Fourteenth Amendment when they arrested and charged Plaintiff with false personation of a police officer. Plaintiff is proceeding under a "class of one" theory of denial of equal protection. In contrast to "a garden-variety equal protection challenge," in which individuals "allege that they have been arbitrarily classified as members of an 'identifiable group,' * * * a class-of-one equal protection challenge asserts that an individual has been 'irrationally singled out,' without regard for any group affiliation, for discriminatory treatment." *U.S. v. Moore*, 543 F.3d 891, 896 (7th Cir. 2008) (citations omitted). In a class of one equal protection case, the plaintiff generally argues "that he is being treated arbitrarily worse than some one or ones identically situated to him." *Lauth v. McCollum,* 424 F.3d 631, 633 (7th Cir. 2005).

To state a "class of one" claim, Plaintiff must allege that: (1) he was intentionally treated differently from others similarly situated, and (2) that there was no rational basis for that differential treatment, or that the differential treatment was the result of an illegitimate animus toward Plaintiff by Defendants. *Schor v. City Of Chicago*, 576 F.3d 775, 779 (7th Cir. 2009). To meet the similarly situated requirement, Plaintiff must allege that he was treated differently than "someone who is *prima facie* identical in all relevant respects." *See Purze v. Vill. of Winthrop Harbor,* 286 F.3d 452, 455 (7th Cir. 2002).

12

In their motion to dismiss, Defendants contend that Plaintiff has failed to state a claim, citing "*Albright v. Oliver*, 501 U.S. 266, 114 S. Ct. 1155 (1976)." It appears that Defendants intend to rely on *Albright v. Oliver*, 510 U.S. 266, 114 S.Ct. 807 (1994), in which the Supreme Court held that substantive due process does not provide a constitutional basis for a malicious prosecution claim under Section 1983. See *Reed v. City of Chicago*, 77 F.3d 1049, 1052 (7th Cir. 1996). Count III does not assert a malicious prosecution claim, nor does it invoke the substantive due process clause. Therefore, *Albright* is inapposite.

However, as it is currently drafted, the complaint nevertheless fails to state a class of one equal protection claim because it does not identify any similarly situated individuals. While the determination of whether individuals are similarly situated generally is a question of fact for the jury, *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1002 (7th Cir. 2004), a complaint is subject to dismissal pursuant to Rule 12(b)(6) when the plaintiff fails to allege that he was treated differently than similarly situated individuals, *Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078-79 (7th Cir. 2005). For this reason, Plaintiff's class of one claim is dismissed without prejudice. If Plaintiff believes he can identify similarly situated individuals, as required to state an equal protection claim, he may seek leave to file an amended complaint.

Count III also appears to assert a Section 1983 conspiracy claim. Section 1983 does not punish conspiracy without an underlying violation of a civil right. *Goldschmidt v. Patchett*, 686 F.2d 582, 585 (7th Cir. 1982). Because the Court has determined that Plaintiff has failed to state a viable equal protection claim, his attendant conspiracy claim also must be dismissed.

### D. First Amendment Retaliation and Conspiracy to Retaliate Claims (Count IV)

#### 1. First Amendment Retaliation Claim

In Count IV, Plaintiff asserts a First Amendment retaliation claim against Dominick and the Defendant Officers, alleging that they arrested and charged him in retaliation for his support of Dominick's political rival. To plead a First Amendment retaliation claim, the plaintiff must allege that he engaged in constitutionally protected speech and that the defendants retaliated against him because of his speech. See *Roger Whitmore's Auto. Services, Inc. v. Lake County, Illinois*, 424 F.3d 659, 668 (7th Cir. 2005) ("for a plaintiff to prevail in a political retaliation case, it is clear that two fundamental requirements must be satisfied: the expression at issue must be protected, and it must have brought about the retaliatory action complained of").

The speech at issue is Plaintiff's expression of political support for Ramiro Gonzalez. The Seventh Circuit has recognized that both "public endorsement of a candidate for public office," *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982), and "'political campaigning and management,'" *Brown v. U.S. Civil Service Commission*, 553 F.2d 531, 534 (7th Cir. 1977) (quoting *Elrod v. Burns*, 427 U.S. 347, 370-71 (1976)), are protected by the First Amendment. Therefore, Plaintiff sufficiently alleges that he engaged in protected speech. The complaint also adequately pleads the second element of a retaliation claim – that the retaliatory action (Plaintiff's arrest and prosecution) – were brought about by that speech.

Defendants argue that Plaintiff has failed to state a retaliation claim because the complaint does not identify the dates on which Plaintiff exercised his free speech rights, how Plaintiff's speech was a matter of public concern, and how Plaintiff was exercising his free speech rights at the time of his arrest. As discussed above, Rule 8 does not require Plaintiff to include such detailed factual allegations in his complaint. All that Rule 8 requires is notice and

factual allegations that, if true, raise the possibility of relief above the speculative level. The allegations that Plaintiff was a "vocal political supporter of Ramiro Gonzalez" during Gonzalez's campaigns against Dominick for town president (Cmplt. ¶ 7), and that Defendants "falsely arrested and maliciously prosecuted the Plaintiff * * * for the Plaintiff's political support of Ramiro Gonzalez" (*id.* ¶ 33), satisfy Rule 8's liberal pleading requirement. Therefore, Defendants' motion to dismiss is denied with respect to teh First Amendment retaliation claim.

### 2. Conspiracy to Retaliate Against Dominick and Defendant Officers

It appears that Plaintiff intends to assert a Section 1983 conspiracy to retaliate claim, because Count IV is captioned "Conspiracy," and the allegations in that count refer to Defendants as "co-conspirators" and reference their "concerted action" and "conspiracy." However, there is no allegation that Dominick and Defendant Officers reached an agreement or understanding specifically to deprive Plaintiff of his First Amendment rights – *i.e.*, that the Defendants agreed to arrest and charge Plaintiff *because of his political activity*. Therefore, the complaint fails to state a claim for Section 1983 conspiracy to retaliate against Plaintiff in violation of the First Amendment.

### E. *Monell* Claims Against the Town of Cicero (Count V)

Count V asserts three claims against Cicero for violations of Plaintiff's First, Fourth, and Fourteenth Amendment rights pursuant to Section 1983. A municipality is not liable under Section 1983 unless the constitutional violations at issue are caused by a municipal policy or custom. See *Monell v. Department of Soc. Servs.,* 436 U.S. 658, 694 (1978). The "official policy" requirement for Section 1983 liability is designed to "distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479 (1986). "Misbehaving employees are responsible for their own

conduct[;] 'units of local government are responsible only for their policies rather than misconduct by their workers.'" *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007) (quoting *Fairley v. Fermaint,* 482 F.3d 897, 904 (7th Cir. 2007)). A plaintiff may establish municipal liability by showing that the constitutional deprivation was caused by (1) the enforcement of an express policy; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) a person with final policymaking authority. *Kujawski v. Board of Com'rs of Bartholomew County, Ind.,* 183 F.3d 734, 737 (7th Cir. 1999).

Here, Plaintiff alleges that Dominick used his position as president of Cicero to orchestrate Plaintiff's arrest and prosecution. Plaintiff further alleges that Dominick possessed final policymaking authority on town law enforcement decisions, such that Cicero can be liable under *Monell*. Whether a particular official has final policymaking authority is a question of state law. See *Duda v. Board of Ed. of Franklin Park Public Sch. Dist. 84*, 133 F.3d 1054, 1061 (7th Cir. 1998). Seventh Circuit precedent teaches that policymakers are those who possess "authority to adopt rules for the conduct of government." *Auriemma v. Rice,* 957 F.2d 397, 401 (7th Cir. 1992) (citing *City of St. Louis v. Praprotnik,* 485 U.S. 112, 124-25, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988) (in identifying "policymaking officials * * * we can be confident that state law * * * will always direct a court to some official or body that has the responsibility for making law or setting policy")); see also *Rasche v. Village of Beecher,* 336 F.3d 588, 599 (7th Cir.2003) ("[i]n order to have final policymaking authority, an official must possess '[r]esponsibility for making law or setting policy,' that is, 'authority to adopt rules for the conduct of government'").

Plaintiff alleges that Section 2-136 of Cicero's Municipal Code, which provides that "the president shall be conservator of the peace [within the town limits] and shall keep the peace;

16

suppress riots, routs, affrays, fighting and breaches of the peace; and prevent crime," indicates that Dominick as town president had final policymaking authority on law enforcement decisions. Defendants do not contest Plaintiff's assertion that Dominick possesses final policymaking authority for Cicero. Rather, Defendants contend that "a single incident of unconstitutional activity is not enough to establish a municipal custom." However, it is well-established that "a single act or decision of a final policymaker can establish municipal policy." *McGreal v. Ostrov,* 368 F.3d 657 (7th Cir. 2004) (citation omitted); see also *Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292 (1986) ("where action is directed by those who establish governmental policy, the municipality is equally responsible whether that action is to be taken only once or to be taken repeatedly"). Therefore, Plaintiff's *Monell* claims will not be dismissed on this ground.

Defendants also argue that Plaintiff's allegations regarding Dominick's actions are insufficient to establish the Town's liability because Plaintiff has failed to allege when or how Dominick orchestrated Plaintiff's arrest and prosecution. But as Defendants themselves note, Section 1983 claims against municipalities are not subject to a heightened pleading standard. See *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 165-66 (1993). Therefore, even post-*Twombly*, Plaintiff is required only "to allege 'enough facts to state a claim to relief that is plausible on its face.'" *Eckert v. City of Chicago*, 2009 WL 1409707, at *6 (N.D. Ill. May 20, 2009) (quoting *Twombly*, 550 U.S. at 570); see also *Jones v. Bremen High Sch. Dist. 228*, 2009 WL 537073, at *4 (N.D.Ill. Mar. 4, 2009) (holding that under *Twombly*, Plaintiff "is not required to plead with specificity the existence of a municipal policy").

As discussed above, Plaintiff has adequately alleged violations of his Fourth and First Amendment rights. However, Plaintiff has failed to sufficiently allege a violation of his

17

Fourteenth Amendment rights. Therefore, Plaintiff's *Monell* claim for violations of his Fourteenth Amendment rights is dismissed without prejudice. With respect to the other alleged constitutional violations, Plaintiff also sufficiently has alleged that those violations were caused by Dominick, and that Dominick possesses final policymaking authority. Therefore, Defendants' motion to dismiss is denied with respect to the *Monell* claim for violations of Plaintiff's Fourth and First Amendment rights.

### F. State Law Indemnity Claim (Count VI)

Count VI of Plaintiff's Complaint asserts a claim against the Town of Cicero under the Illinois Tort Immunity Act, 745 ILCS 10/9-102, for indemnification. "Section 9-102 directs a municipality to indemnify a tort judgment entered against an employee if the employee's misconduct was within the scope of his employment." *Yang v. City of Chicago*, 137 F.3d 522, 526 (7th Cir. 1998); see also *Wilson v. City of Chi.*, 120 F.3d 681, 684-85 (7th Cir. 1997) (explaining that a plaintiff need not wait until after a judgment is entered against a municipal employee to proceed against a municipality under section 9-102). Plaintiff has stated claims against Dominick and the Defendant Officers pursuant to Section 1983, and has alleged that Defendants committed the acts complained of in the scope of their employment. Therefore, Defendants' motion to dismiss Count VI is denied.

Defendants argue that Section 9-102 does not require municipalities to indemnify its employees for any punitive damages awarded against them. However, the prayer for relief seeks indemnification only for compensatory damages, and Plaintiff confirmed in his response that he is not seeking indemnification for any punitive damages awarded against the other Defendants. Therefore, Defendants' first objection is moot. Defendants also contend that Count VI should be dismissed because Plaintiff's prayer for relief requests an order expunging all official records

associated with his arrest and prosecution, which Defendants contend is not an available form of relief. However, "even if * * * [Plaintiff] is seeking relief to which he's not entitled, this would not justify dismissal of the suit." *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002). Because the prayer for relief "is not itself a part of the plaintiff's claim, * * * failure to specify relief to which the plaintiff was entitled would not warrant dismissal under Rule 12(b)(6)." *Id.* Because Plaintiff seeks other relief in Count VI that is appropriate – namely, indemnification of compensatory damages – Defendants' motion to dismiss Count VI is denied. *Cf. id.* ("It would be appropriate and indeed quite sensible for a judge confronting a complaint that does not demand proper relief to ascertain whether the plaintiff wants the improper relief sought in the complaint or nothing; if so, the complaint must be dismissed.").

## IV. Motion for a More Definite Statement

Finally, Defendants bring a motion for a more definite statement pursuant to Rule 12(e), which states in relevant part:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e). Rule 12(e) "is designed to strike at unintelligibility rather than want of detail." *Flentye v. Kathrein,* 485 F.Supp.2d 903, 911 (N.D. Ill. 2007) (citations omitted). "If the pleading meets the requirements of Rule 8 * * * and fairly notifies the opposing party of the nature of the claim, a motion for a more definite statement should not be granted." *Id.* (citations omitted). Only "when the pleading is so unintelligible that the movant cannot draft a responsive pleading" should a court grant a Rule 12(e) motion. *Microthin.com, Inc. v. Siliconezone USA, LLC*, 2006 WL 3302825, at *8 (N.D. Ill. Nov. 14, 2006) (quoting *United States for Argyle Cut Stone Co., Inc., v. Paschen Contractors, Inc.,* 664 F.Supp. 298, 303 (N.D.Ill. 1987)).

19

Defendants contend that Counts I through IV are unclear because it is not clear whether or not Plaintiff is asserting conspiracy claims in those counts. Having reviewed Plaintiff's complaint, the Court finds that it is not so vague or ambiguous that Defendants cannot prepare a response. While the complaint is not the picture of clarity, it plainly put Defendants on notice of the nature of Plaintiff's claims, as Defendants responded to the conspiracy claims in their motion to dismiss. Therefore, Defendants' motion for a more definite statement is denied.

## V.    Conclusion

For the reasons stated above, Defendants' motion to dismiss and for other related relief [23] is granted in part and denied in part. Defendants' motion for a more definite statement is denied. Defendants' motion to dismiss is denied as to Counts I, II, and VI in their entirety. Defendants' motion to dismiss also is denied with respect to the First Amendment retaliation claim set forth in Count IV, and the First and Fourth Amendment *Monell* claims in Count V. Defendants' motion to dismiss is granted as to the conspiracy to retaliate claim in Count IV and the Fourteenth Amendment *Monell* claim in Count V. Finally, Count III is dismissed without prejudice.

Dated:  November 30, 2009   _____
　　　　　　　　　　　　　　Robert M. Dow, Jr.
　　　　　　　　　　　　　　United States District Judge